IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff*, | ) |
| v. | ) No. 4:24-cr-00129-JMD |
| Clarence Allen Holmes, | ) |
| *Defendant*. | ) |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

The Court, having reviewed *de novo* the report and recommendation from United States Magistrate Judge Joseph S. Dueker, **DENIES** defendant Clarence Allen Holmes' motion to dismiss the indictment. The Court sustains, adopts, and incorporates the report in full.

Holmes objects to the report because he believes that the federal law prohibiting felons from possessing firearms (18 U.S.C. § 922(g)) is unconstitutional under the Second Amendment as applied to offenders whose previous convictions are for nonviolent offenses. True, that question is a hotly disputed issue on which there appears to be a split among courts. *See, e.g.*, *Range v. Att'y Gen. United States*, 124 F.4th 218, 232 (3d Cir. 2024) (en banc) (holding § 922(g)(1) unconstitutional as applied to a defendant convicted over two decades before of making a false statement to obtain food stamps); *United States v. Glass*, No. 24-cr-30124, 2025 WL 2771011, at *5 (S.D. Ill. Sept. 29, 2025) (holding § 922(g)(1) "unconstitutional, facially and as applied"); *Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019) (Barrett, J., dissenting) (arguing that § 922(g)(1) was unconstitutional as applied to a defendant convicted of mail fraud).

1

But this Court is bound by Eighth Circuit precedent, and the Eighth Circuit has decided this issue for all district courts in this circuit. As the magistrate judge explains in his thorough recounting of the case law, the Eighth Circuit has recently and repeatedly rejected facial and as-applied challenges to § 922(g)(1). *See, e.g.*, *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024); *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024) (holding that the defendant's argument that "the Second Amendment guaranteed his right to possess a firearm . . . because neither of his prior offenses qualified as a 'violent' offense" was foreclosed by *Jackson*); *United States v. Clemons*, No. 24-2980, 2025 WL 2846696, at *3 (8th Cir. Oct. 8, 2025); *United States v. Simonson*, No. 24-2051, 2025 WL 2846435, at *1 (8th Cir. Oct. 8, 2025) (per curiam). These Eighth Circuit precedents were decided after the Supreme Court's most recent analysis of the Second Amendment in *United States v. Rahimi*, 602 U.S. 680 (2024) (upholding § 922(g)(8) against a facial challenge). *See Jackson*, 110 F.4th at 1122 (explaining that *Rahimi* did not change the panel's conclusion that § 922(g)(1) is constitutional). Holmes acknowledges that this is the current state of the law in the Eighth Circuit. ECF 113 at 1. The Court is bound by the precedent of the Eighth Circuit unless and until it changes. *Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003).

The Court also notes that even absent Eighth Circuit precedent, it would be impossible on the current record to rule in favor of Holmes' argument because Holmes has not established the nature of his prior felony convictions in the record. Holmes says almost nothing about the specifics of his previous offenses, asserting only (without elaboration or proof) that he has "a handful of nonviolent, low-level felony convictions from over two decades ago." ECF 103 at 1. To argue that § 922(g) is unconstitutional as applied to nonviolent offenders, Holmes would have to make a record that he is a nonviolent offender, including providing more detail about the nature of his previous offenses. The current record is not

sufficient for the Court to assess whether Holmes' previous convictions were in fact for nonviolent offenses.

**IT IS HEREBY ORDERED** that Holmes' motion to dismiss the indictment is **DENIED**.  ECF 103.

Dated this 23rd day of October, 2025

_____
JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE